**JESSE M. SIEGEL**
233 Broadway, Suite 2701
New York, NY 10279
(212) 207-9009
Attorney for Plaintiff
(JS 7331)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 29 2011 ★

BROOKLYN OFFICE

CV11-5794

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────x

DAMONE WHITLEY,

            Plaintiff,

   v.

NEW YORK CITY, and RICHARD D. SHELTON
and GERALD WILLIAMS, police officers
for New York City, individually and
as police officers for
New York City,

            Defendants.
──────────────────────────────x

JOHNSON, J

COMPLAINT
AND DEMAND FOR
JURY TRIAL

REYES, M.J

## INTRODUCTION

1. This is an action for damages for the wrongful acts of defendants NEW YORK CITY, and New York City Police Officers RICHARD D. SHELTON and GERALD WILLIAMS, of the New York Police Department, all acting under color of state law and pursuant to their authority, in violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York.

2. Plaintiff alleges that beginning on or about September 2,

1

2010, defendants committed wrongful and illegal acts against plaintiff, including falsely arresting and imprisoning him, maliciously prosecuting him, and violating his Federal and New York State civil rights.

**JURISDICTION**

3. This action is brought under 42 U.S.C. Section 1983 in conjunction with the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

5. Plaintiff further invokes this Court's pendant jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action, pursuant to 28 U.S.C. 1367.

6. Venue is laid within the United States District Court for the Eastern District of New York in that the actions complained of occurred in the Eastern District of New York.

**TRIAL BY JURY**

7. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

**PARTIES**

8. At all times relevant hereto, plaintiff DAMONE WHITLEY is and was a resident of Richmond County, New York.

9. At all times relevant hereto, defendant NEW YORK CITY was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

10. Defendant RICHARD D. SHELTON is and was at all times relevant to this action a police officer, employed by the New York City Police Department, and acting under color of state law. He is being sued in both his individual and official capacity.

11. Defendant GERALD WILLIAMS is and was at all times relevant to this action a police officer, employed by the New York City Police Department, and acting under color of state law. He is being sued in both his individual and official capacity.

12. At all times relevant hereto and in all their actions described herein, defendants SHELTON and WILLIAMS were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department and New York City,

3

pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

13. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of plaintiff.

### NOTICE OF CLAIM

14. On November 9, 2010, plaintiff's Notice of Claim was filed with the Comptroller's Office of the City of New York. More than thirty days have elapsed since the filing of the Notice of Claim and this matter has not been settled or otherwise disposed of.

15. On February 11, 2011, a hearing pursuant to New York State General Municipal Law 50-H was held, at which time plaintiff was questioned by a representative of defendant NEW YORK CITY.

### FACTUAL BACKGROUND

16. On or about September 2, 2010, at about 4:00 p.m., plaintiff, a 16 year-old boy, was at or near the Lafayette Gardens housing development, at 387 Lafayette Avenue in Brooklyn, NY, and engaged in no criminal conduct, when he was arrested by defendants RICHARD D. SHELTON and GERALD WILLIAMS, who told him he was being arrested for trespassing.

17. Plaintiff was handcuffed and transported to a police precinct, and then shackled and transported to Central Booking. He was subsequently arraigned, on or about September 3, 2010, in Kings County Criminal Court on a felony complaint, docket number 2010KN070159, charging him with having committed a robbery in Kings County on August 31, 2010. Plaintiff was charged with robbery in the third degree and related crimes, and held in jail in lieu of bail.

18. Plaintiff was transported to a New York City correctional facility at Rikers Island, where he was unable to see his mother, and was assaulted by an older inmate and sustained physical injury. In addition, his new sneakers were taken from him and never returned. After spending about five days in jail, plaintiff was released from Rikers Island at approximately 3:00 a.m. when bail was posted on his behalf, and returned home to Staten Island by himself on public transportation. As a result of being jailed, he missed the first day of the school year.

19. All charges against plaintiff were dismissed on or about September 7, 2010, when the only identifying witness to the robbery with which plaintiff had been charged identified two different individuals as the perpetrator.

20. The arrest, charge, indictment and imprisonment of plaintiff were the direct results of misconduct by defendants SHELTON and WILLIAMS.

21. At no time did plaintiff commit any acts, or engage in any conduct, which in any way justified the actions of the defendants.

22. Defendant NEW YORK CITY knew of defendant SHELTON's tendency to act in a way that violated the constitutional rights of individuals, and failed to protect plaintiff from such conduct.

23. Defendant NEW YORK CITY knew of defendant WILLIAMS' tendency to act in a way that violated the constitutional rights of individuals, and failed to protect plaintiff from such conduct.

24. As a direct and proximate result of the defendants' actions, plaintiff was falsely and illegally imprisoned for approximately 5 days.

25. As a direct and proximate result of the defendants' actions, plaintiff suffered physical injury while imprisoned.

26. As a direct and proximate result of the defendants' actions, plaintiff suffered mental anguish and psychological damage.

27. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

28. Defendant NEW YORK CITY, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, including the defendant police officers, with regard to the rights of individuals,

thereby causing the defendant officers in this case to engage in the unlawful conduct described above.

29. Defendant NEW YORK CITY, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of individuals, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

30. Defendant NEW YORK CITY, as a matter of policy and practice, has with deliberate indifference failed to properly investigate the background, beliefs and attitudes of prospective police officers in order to ensure it hires only police officers that respect and honor the constitutional rights of individuals, thereby causing police, including the defendants in this case, to engage in the unlawful conduct described above.

### COUNT ONE: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendants Shelton and Williams)

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-30 of this complaint, as though fully set forth herein.

32. The acts, omissions and conduct of the defendants SHELTON and WILLIAMS, both members of the New York City Police Department, and both acting under color of state law, deprived plaintiff of his

rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to be free from false arrest, false imprisonment, and malicious prosecution, and to due process.

33. By these acts, omissions and conduct, these individual defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which the defendants are individually liable.

### COUNT TWO: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendant New York City)

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-33 of this complaint, as though fully set forth herein.

35. The acts, omissions and conduct of defendant NEW YORK CITY, as set forth above, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights: to be secure in his person and property; to be free from unlawful seizure, false imprisonment, and malicious prosecution; and to due process.

36. By these acts, omissions and conduct, defendant NEW YORK CITY has deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in

violation of 42 U.S.C. Section 1983.

### COUNT THREE: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (Defendants Shelton and Williams)

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-36 of this complaint as though fully set forth herein.

38. The defendants SHELTON and WILLIAMS conspired to violate plaintiff's civil rights by agreeing between themselves to falsely charge him with crimes as described above, in violation of 42 U.S.C. 1983, for which defendants are individually liable.

### COUNT FOUR: FALSE ARREST
### (Defendants Shelton and Williams)

39. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-38 of this complaint, as though fully set forth herein.

40. The acts, omissions and conduct of defendants SHELTON and WILLIAMS, as alleged above, constitute false arrest under the laws of the State of New York. This Court has pendant jurisdiction to hear and adjudicate such claims.

### COUNT FIVE: FALSE IMPRISONMENT
(Defendants Shelton and Williams)

41. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-40 of this complaint, as though fully set forth herein.

42. The acts, omissions and conduct of defendants SHELTON and WILLIAMS, as alleged above, constitute false imprisonment under the laws of the State of New York. This Court has pendant jurisdiction to hear and adjudicate such claims.

### COUNT SIX: MALICIOUS PROSECUTION
(Defendants Shelton and Williams)

43. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-42 of this complaint, as though fully set forth herein.

44. The acts, omissions and conduct of defendants SHELTON and WILLIAMS, as alleged above, constitute malicious prosecution under the laws of the State of New York. This Court has pendant jurisdiction to hear and adjudicate such claims.

### COUNT SIX: RESPONDEAT SUPERIOR LIABILITY
(Defendant New York City)

45. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-44 of this complaint, as though fully set forth herein.

46. At all times pertinent hereto, defendants SHELTON and WILLIAMS were acting within the scope of their employment as officers of the New York City Police Department.

47. Defendant NEW YORK CITY, through its agents, expressly authorized the individual defendants SHELTON and WILLIAMS to violate plaintiff's constitutional rights, as described above; knew, through its agents, that the defendant officers had a propensity for committing such illegal acts in the line of duty, and acquiesced in the defendants' wrongful conduct.

48. Defendant NEW YORK CITY is thus liable under the doctrine of respondeat superior, for the intentional torts of defendants SHELTON and WILLIAMS, committed within the scope of their employment.

### COUNT SEVEN: NEGLIGENCE
### (Defendants Shelton and Williams)

49. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-48 of this complaint, as though fully set forth herein.

50. The defendants SHELTON and WILLIAMS, while acting as agents and employees for New York City, owed a duty to plaintiff to perform their duties without violating plaintiff's constitutional rights. Defendants' illegal stop, arrest and detention of plaintiff constitutes negligence for which these defendants are individually

11

liable.

### COUNT EIGHT: NEGLIGENCE
### (Defendant New York City)

51. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-50 of this complaint, as though fully set forth herein.

52. Defendant NEW YORK CITY owed a duty to plaintiff to adequately screen prospective police officers, and to train, supervise and otherwise control its police officers in the use of their powers incidental to their employment. Defendant NEW YORK CITY failed to provide adequate screening, training, supervision, and control of the individual defendants, which failure constitutes negligence.

**WHEREFORE**, Plaintiff requests the following relief:

a. Compensatory damages in the amount of TWO HUNDRED FIFTY THOUSAND (250,000) DOLLARS.

b. Punitive damages in the amount of TWO HUNDRED FIFTY THOUSAND (250,000) DOLLARS.

c. Reasonable attorneys fees and costs; and

d. Such other and further relief as appears reasonable and just.

DATED:   New York, New York
         November 28, 2011

Jesse M. Siegel (JS 7331)
Attorney for Plaintiff

233 Broadway, Suite 2701
New York, NY 10279
212-207-9009